J. C. MOORE v. STATE

No. 26,977. May 26, 1954

*B. L. Collins,* Lufkin, for appellant.

*John B. McDonald,* District Attorney, Palestine, *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This prosecution arose and conviction was held under Art. 1379, Vernon's P. C., as amended by Acts of the 46th Legislature in 1939. The fact that the legislature amended that statute in 1943, while this prosecution was pending, did not affect the right of the state to maintain this proceeding under the Act of 1939. (Art. 16, Vernon's P. C.)

The indictment in this case charges that appellant did "unlawfully and knowingly without the consent of the owner thereof cut down, destroy, and carry away merchantable timber upon land not his own, to-wit, upon land owned by Tod Adams."

We perceive no defect in the indictment, which follows the provisions of the statute. Willson's Criminal Form No. 622.

To sustain the allegation that the timber was cut from the land of Tod Adams, the state introduced in evidence a deed dated December 30, 1952, by which Earle P. Adams conveyed to Tod R. Adams 246 acres of land out of the Leonard Williams Survey in Houston County.

Tod Adams testified that he was a licensed attorney at law and that, upon examining the title to the land before he purchased it, he came to the conclusion that the deed conveyed a good title to the land.

No effort was made, however, to prove that the title was good, nor was there any evidence showing from whom the grant-

or, Earle P. Adams, obtained his assertedly good title. He (Earle Adams) said he had a deed to the land, but no such deed was offered in evidence.

Earle Adams knew and recognized that he did not have a good title to 35 acres of land included in the 246 acres described in the deed to Tod Adams and that superior title to the 35 acres was in the appellant.

Tod Adams was fully aware of appellant's title to the 35 acres when he accepted the deed from Earle Adams. He was also aware of the fact that the 246 acres, which he claimed, were the property of appellant's father, George Moore, at the time of his death.

In February, 1953, appellant desired to cut the timber from the 35 acres above mentioned and employed Fleming, a log cutter and sawmiller, to do the work for him. Fleming testified that appellant cautioned him that he wanted him to cut only "the timber on the 35 acre tract there," and that appellant, who was present during the cutting of the timber, showed him "where to cut." The witness further testified that appellant insisted he did not want him "to get off of it" (the 35-acre tract) and that "When he (appellant) thought we were getting close enough to the line he said, 'don't go any farther'."

Tod Adams heard that appellant was cutting the timber from the land claimed by him, and had the cutting stopped.

It seems that a description of the 35-acre tract was obtained from a judgment of partition rendered by the district court of Dallas County, in which that piece of land was set aside to a brother of appellant.

With this description, the boundaries of the 35-acre tract were established by a surveyor.

It was then made to appear that appellant had cut something like 29,000 feet of timber from land outside the boundaries of the 35-acre tract.

It is for the cutting of this timber that appellant stands here convicted, with punishment assessed at three years in the penitentiary.

Appellant protested his innocence. He insisted that if there was any timber cut beyond the boundaries of the 35-acre tract it was unintentional and resulted solely from the fact that he did not know the boundaries thereof; that in cutting the timber he relied upon the boundaries as he knew them and as they existed on the ground; and that he believed no timber was cut from land other than the 35 acres.

In addition to such testimony, it was further shown that appellant's father and mother acquired 296 acres out of the Leonard Williams Survey; that the mother died in 1917, leaving her husband and six children, including appellant, surviving her; that after the death of the mother, the father continued to reside upon the land and acquired 111 additional acres in the same survey. The father died in 1931, leaving surviving him the six children. One of the surviving children died in 1934. After the death of the father there was some litigation among the children over the estate. In 1950, however, appellant acquired the interest of one of his brothers and both sisters in the 246 acres.

In 1949, the surviving children, including appellant, filed a suit in federal court seeking to recover from Earle Adams the title to the 246 acres. This suit was dismissed for the want of jurisdiction. After appellant acquired the interest of his brother and sisters, he filed two suits in federal court again seeking to recover the 246 acres from Earle Adams and each suit was dismissed for the want of jurisdiction.

After this prosecution had begun, appellant filed another suit in federal court for the same relief, which suit was pending at the time of the instant trial.

As submitted to the jury, appellant's guilt was made to depend upon a finding that he knowingly cut timber from land owned by Tod Adams.

The trial court thereby determined as a matter of law (Sec. 2, Art. 1380, Vernon's P.C.) that Tod Adams owned the 246 acres conveyed by the deed. No cognizance was taken of the testimony showing that appellant had title to the 246 acres, nor was the trial court requested to do so.

In determining the sufficiency of the evidence to support the conviction, we are not permitted to ignore such testimony.

The undisputed facts show that appellant for a long period of time had been asserting that he held superior title to and ownership of the land over Earle Adams. As supporting that claim, appellant showed that he derived title to the land through George Moore and his heirs.

According to the testimony of Tod Adams, George Moore was the source through which he (Tod Adams) claimed title to the land.

The record is entirely silent as to how George Moore or his heirs lost title to the land or how his title thereto passed to Earle Adams.

It is apparent there is a very decided conflict as to who is the actual owner of the land from which the timber was cut.

Criminal courts are not the forum for determination of disputed titles to real estate, and a criminal prosecution is not the medium for making such determination.

When the state offered in evidence the deed to Tod Adams, it established a prima facie case of ownership of the land in Tod Adams, under the statute, Sec. 2, Art. 1380, Vernon's P.C. But the facts, which show that appellant had title to and was therefore the actual owner of the land, overcome that prima facie case and put the burden upon the state of showing that the land was owned by Tod Adams, as alleged.

The state has not here met that burden.

As supporting the conclusion that the instant facts are insufficient to support the conviction, reference is made to the cases of White v. State, 14 Texas App. 449, and Allsup v. State, 62 S.W. 1062.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.