**LeMIEUX LUMBER COMPANY, Inc.,**
**Appellant;**

v.

**Ronald R. NEUMAN, Appellee.**

**No. 7016.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 16, 1969.

Rehearing Denied Feb. 12, 1969.

Zbranek, Friend & Strahan, Liberty, for appellant.

Daniel & Morrison, Liberty, for appellee.

STEPHENSON, Justice.

This is an action for damages for wrongful cutting of timber. Judgment was rendered for plaintiff upon the answers of the jury to the special issues submitted. The parties will be referred to here as they were in the trial court.

Plaintiff alleged: That defendant, a corporation, through its agents and employees, cut the timber from a 7.48 acre tract of land owned by him in Liberty County, Texas. That the cutting occurred on two different occasions and under circumstances which entitled plaintiff to recover the manufactured value of the timber cut. That plaintiff was also entitled to recover for additional damage done to his land.

Defendant alleged: That it cut some timber from plaintiff's land, but in good faith, and that someone else did the additional cutting after defendant had stopped.

The jury made the following findings: That the cutting and removing of the timber from plaintiff's land on or about April 6, 1967 by defendant was willful and without a good faith belief that it had a lawful right. That such cutting was 24,000 feet. That the manufactured value was $90.00 per thousand. That defendant cut plain-

tiff's timber a second time. That the second cutting was willful and without a good faith belief that defendant had a lawful right. That the second cutting was 1,800 feet at the same manufactured price. That the damage to plaintiff's land on or about April 6, 1967, was a temporary damage. That such damages amounted to $750.00.

The trial court rendered judgment for plaintiff allowing recovery based upon the manufactured value of the timber cut on both occasions, plus the $750.00 damages.

█ It is first urged by defendant that there was no evidence to support the finding by the jury that the cutting and removing of the timber by defendant on or about April 6, 1967, was willful and without a good faith belief that defendant had a lawful right. In passing upon this point of error, we considered only the evidence favorable to such finding of the jury.

The evidence shows: That defendant, a corporation, obtained a timber deed to 837 acres of land known as the N. A. Walker tract, dated January 19, 1967. That plaintiff's 7.48 acres of land is bounded on the north and west by the N. A. Walker tract. That the legal description in the timber deed obtained by defendant did not include plaintiff's land. That plaintiff acquired his 7.48 acre tract by deed dated November 28, 1966.

Plaintiff testified: That plaintiff and his friends cleared all of the underbrush, piled it and burned it, and cut down the dead trees. Plaintiff mowed the boundary lines with a tractor, used knives, axes, and hatchets. With a tractor and a brush hog, plaintiff mowed a six foot path from one corner to the other on the north line, which was the south line of the N. A. Walker tract, and also marked it with a rope about four feet high in the air. Plaintiff also cut the thorn trees and vines out of the way so the line would be very visible. Plaintiff mowed his west line and stretched a ⅞ inch cable. Plaintiff also mowed his south line and it is marked by a

barbed wire fence. Plaintiff also mowed his east line, which was a blazed trail by silver paint on all trees with gold paint on the corners. All boundaries were clearly visible to someone approaching his tract of land. That half of his land was cleared as a park, with no brush and no briars. That this work was accomplished by about April 1, 1967. That plaintiff saw some employees of J. H. Williams and defendant cutting timber from the N. A. Walker tract in March, 1967, and contacted some truck drivers and a saw man and pointed out his tract of land to them. Plaintiff told these men how his land was marked and asked them not to get on it. Plaintiff's timber was cut April 6, 1967. That plaintiff then saw Mr. Herbert Williams, defendant's woods superintendent, who came out to plaintiff's land and when he saw the timber had been cut, said: "I told those durn fools not to cut that land."

Jeff E. Maxwell testified: He is one of the owners of the N. A. Walker tract. He grazed cattle on the N. A. Walker tract during the dates material to this cause of action, and was on the property two to three days a week. He saw the lines which were mowed and marked as plaintiff had testified. He could tell when he crossed the boundary between the Walker tract and plaintiff's land. He met Herbert Williams on the Walker tract while Williams had first begun to cut the timber off of the Walker tract. He told Herbert Williams about plaintiff's tract of land and offered to show him the boundaries, and told him approximately where the land was located. Herbert Williams did not go with him. At a later date, he saw that the timber had been cut on plaintiff's land. He saw Herbert Williams' red truck that was loaded and coming from plaintiff's direction, and the yellow caterpillar loader going back onto plaintiff's land.

This court was surprised to find so few Texas cases writing on this subject, especially in recent years. The trial court followed the case of Williams v. Bertrand,

**358**

Tex.Civ.App., 303 S.W.2d 457, in submitting this case to the jury. In the Williams case this statement is made:

> In other words, the question is that of whether there was sufficient evidence to support a finding that in cutting and removing the timber from the land appellant did so wilfully and without in good faith believing that he had a lawful right to do so.

The Williams case opinion concludes with this paragraph:

> All things considered, we think the trial court was justified in concluding that appellant either knew he had no right to appropriate the timber or was so consciously indifferent to the question as to amount to the same thing.

An earlier Court of Civil Appeals case, Martin v. J. S. Hunt Lumber Co., 180 S.W.2d 956, the following statement is made:

> * * * when one in good faith cuts timber upon the land of another, believing at the time that he has a right to do so, based upon reasonable grounds for such belief, he will, when sued in damages for the conversion of the timber, be required to pay the owner no more than the value of the timber at the time it was cut. * * * It is only where the taking is under such circumstances as to amount to wilfulness, and not under a good faith claim of right, that punitive damages can be recovered, * * *

The Supreme Court of Texas in 1935, in Kirby Lumber Co. v. Temple Lumber Co., 125 Tex. 284, 83 S.W.2d 638, wrote the following:

> * * * manufactured value will not be applied in regard to timber cut and appropriated where the trespass is the result of inadvertence or mistake, or where

the person committing the wrong acted in good faith, and without any intention of committing a wrongful act. Of course the act must not be in reckless disregard of the rights of the owner, but the act must be willful and the wrong intentional, or committed under such circumstances that the law will impute malice.

The evidence. supports the finding by the jury that the cutting by defendant was willful and without a good faith belief that defendant had a lawful right to cut the timber. In the words of the Williams case, supra, defendant knew it did not have the right to cut plaintiff's timber or was so consciously indifferent as to amount to the same thing. The point of error is overruled.

■ Defendant has a point of error that the finding by the jury that the cutting and removing of the timber by defendant on or about April 6, 1967 was willful and without a good faith belief that defendant had a lawful right, was supported by insufficient evidence and that such finding was contrary to the great weight and preponderance of the evidence. In passing upon this point of error, we consider the entire record. There is evidence in this record which would have supported a finding of the jury contrary to the actual jury finding, but this evidence did no more than raise a question of fact for the jury, and did not establish such finding as a matter of law. We do not conclude that this finding of the jury to be clearly wrong or manifestly unjust.

We have carefully considered the remainder of defendant's points of error, and find no merit in them. They are overruled.

Affirmed.