Wilburn H. WHITEHEAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–82–053 CR.

Court of Appeals of Texas, Beaumont.

Aug. 25, 1982.

Rehearing Denied Sept. 15, 1982.

Discretionary Review Refused Dec. 8, 1982.

Bobby C. Williams, Beaumont, for appellant.

Blair Bisby, Sp. Prosecutor, Jasper, for appellee.

## OPINION

KEITH, Justice.

Appellant was convicted of theft of timber of the value of more than $200 and less than $10,000, and the jury fixed his punishment at confinement for five years and a fine of $1,000, probated. Apparently, the prosecution was based upon *Sec. 32.01(2)(B), Tex.Penal Code Ann.*

The first ground of error complains of the denial of his motion to dismiss the indictment because of the violation of the Speedy Trial Act, *Art. 32A.02, V.A.C.C.P.* Appellant was arrested on March 27, 1981, indicted on April 29, 1981, and his motion to dismiss the indictment was filed on September 25, 1981, before the commencement of the trial on October 26, 1981.

There was no insistence upon trial when a pretrial hearing was held on June 30, at which time the district attorney announced that he had "a possible financial interest in the tract of land" involved, and suggested that he was "ineligible to prosecute the case" and asked the Court to so declare. Such a declaration was made by the trial court but appellant said nothing about his desire for a speedy trial.

At a pretrial hearing on September 25, special counsel for the State and appellant's counsel both advised the Court of conflicts in their respective schedules, and the Court honored the agreement of counsel to set the case at the head of the docket for October 26, and it actually went to trial on such date.

Although appellant's motion to dismiss shows that it was filed on September 25, the date of the pretrial hearing, there is no record showing that it was called to the attention of the trial judge until a month later when it was overruled just before the case went to trial. See *Maddox v. State,* 635 S.W.2d 456, 458 (Tex.App.—Fort Worth, 1982, no writ).

We find no error. The "ineligibility" of the prosecuting attorney was not challenged; and, in the absence of challenge and under this record, was an exceptional circumstance justifying further delay under the provisions of *Art. 32A.02, § 4(10).*

The Speedy Trial Act does not require the cause to be tried within the specified periods of time. Its provisions are activated only when a defendant presents a motion seeking dismissal for failure to comply with the Act, a failure to move under the Act constituting a waiver of the rights thereunder. *Fraire v. State,* 588 S.W.2d 789, 790 (Tex.Cr.App.1979).

A delay resulting from a vacancy in a statutory court judgeship was held to be excludable from the mandatory period of time as an exceptional circumstance under *§ 4(10),* supra. *Ostoja v. State,* 631 S.W.2d 165, 168 (Tex.Cr.App.1982). We apply the same rule to the situation in the case at bar, particularly since the delay during the period of time was neither unreasonable nor oppressive nor purposeful on the part of the prosecution. *Ostoja v. State,* supra; *Hamilton v. State,* 621 S.W.2d 407, 409 (Tex.Cr. App.1981).

The trial judge overruled the motion to dismiss after having made a finding that exceptional circumstances existed. We find nothing in our record to justify this Court finding an abuse of judicial discretion. *Ordunez v. Bean,* 579 S.W.2d 911, 914 (Tex.Cr. App.1979). Ground one is overruled.

In the second ground of error, appellant contends that there was no evidence introduced that the alleged owner of the land from which the standing timber was taken actually owned an interest in the property. The third ground contends that there was no competent evidence that the tract from which the timber was cut was the same tract claimed by the alleged owner.

At the outset of our discussion of these two grounds, we express our agreement with this holding in *Moore v. State,* 160 Tex.Cr.R. 183, 268 S.W.2d 187, 189 (1954):

"Criminal courts are not the forum for determination of disputed titles to real estate, and a criminal prosecution is not the medium for making such determination."

We do not, in this appeal from a conviction, undertake an appellate review guided by the rules which would govern an appeal of a judgment entered in a suit of trespass to try title. Consequently, we do not recite the evidence of the surveyors as to the location of the land involved, nor do we undertake to determine superior title to the land. Instead, we apply the usual standard of review of judgments of conviction. Such a rule has been stated many times, one being *Jones v. State,* 582 S.W.2d 129, 132 (Tex.Cr.App.1979):

"Upon review by this Court, the evidence must be viewed in light most favorable to the jury's verdict."

Having done so, we find no merit to either of the complaints now presented. It was for the jury to determine, under the guidance of the court's charge, if the complaining witness had a greater right of possession to the timber taken from the premises than did appellant. See *Sec. 1.07(a)(24 and 28), Tex.Penal Code Ann.,* defining "Owner" and "Possession", respectively. See also, generally, *Compton v. State,* 607 S.W.2d 246, 250 (Tex.Cr.App.1980).

In his fourth ground appellant asserts that the order to pay $7,779 as restitution was without support in the evidence. It is argued that the finding was based upon evidence showing value of the timber at the mill "rather than at the property where the logs were cut," thus including in such value the cost of cutting and hauling.

We have examined the record and find that there was evidence supporting the value of the timber taken based upon opinion testimony from expert witnesses qualified to testify. Indeed, Bill Nichols, a timber buyer for thirty-two years, testified that the value of the timber, as disclosed by the stumpage, was precisely the sum fixed by the Court as the amount of the restitution: $7,779.00.

From our review of the record, we are unable to find that this condition imposed was not reasonable under the statute, *Art. 42.12, § 3d(a), V.A.C.C.P.* Under our record, it bore "a reasonable relationship to the treatment of the accused and the protection of the public." *Hernandez v. State,* 556 S.W.2d 337, 342–343 (Tex.Cr.App.1977). We decline to enter a dispute as to the damage criteria applicable in criminal cases to the wrongful cutting of timber. See the discussion in *LeMieux Lumber Co. v. Neuman,* 437 S.W.2d 356, 358 (Tex.Civ.App.—Beaumont 1969, writ ref'd n.r.e.). There was testimony in this case supporting the amount of the restitution which the court ordered paid. Appellant has not shown an abuse of discretion.

Finally, appellant contends that the trial court erred in inserting condition "1" in his probation order. The condition required appellant to:

> "Execute all deeds or other legal documents reasonably required to remove cloud from title to the land from which the timber was taken as found by the jury."

While appellant has cited no authority in support of his contention that this amounted to an abuse of discretion, we find that the ground has merit.

The trial court from which this appeal has been taken has civil jurisdiction; and, in an appropriate civil suit, could have entered a lawful order relating to the title to land. However, we have serious doubt of the validity of such a vague order as that quoted above. Appellant's counsel asks only one of the many questions which emerge from such an order: "... to whom should Mr. Whitehead execute his deed?"

Appellant is in jeopardy of being imprisoned for violation of this particular condition of his probation order if he fails to execute all "legal documents" required to remove cloud from title to the real property. This Court reviews, from time to time, title disputes arising in civil actions involving land in the forests of East Texas. Counsel frequently disagree as to the validity of titles, and this case appears to be one in which disagreement as to legal title is present. We are unwilling to hold that an accused may be imprisoned because he has not complied, to some lawyer's satisfaction, with such a vague and general order.

More than eighty years ago, the Court of Criminal Appeals laid down the rule applicable to this case in *Ex parte Duncan,* 42 Tex.Cr.R. 661, 62 S.W. 758, 760 (1901):

> "Where the court seeks to punish either by fine, arrest, or imprisonment for the disobedience of an order or command, such order or command must carry with it no uncertainty, and must not be susceptible of different meanings or constructions, but must be in the form of a command, and, when tested by itself, must speak definitely the meaning and purpose of the court in ordering."

The same rule governs contempt actions in the civil practice. See, e.g., *Ex parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967), where the Court wrote:

> "It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him."

We are of the opinion that condition "1" of the probation order is void; consequently, pursuant to *Art. 44.24(b), V.A.C.C.P.,* authorizing the reformation of a judgment on appeal, we reform the probation order by deleting said condition from such order. *Brewer v. State,* 572 S.W.2d 719, 723 (Tex.Cr.App.1978).

In so doing, we do not encroach on the civil jurisdiction of the trial court or the rights of the parties inter se concerning legal title to the land from which the timber was taken.

As reformed, the judgment of the trial court is affirmed.