**Emma Jane PALMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00249–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 1988.

Carol A. Browne, Browne & Browne, Houston, for appellant.

John B. Holmes, Dist. Atty., Deborah Mantooth, Asst. Dist. Atty., for appellee.

Before SAM BASS, WARREN and EVANS, JJ.

## OPINION

WARREN, Justice.

Appellant was found guilty by a jury, of criminal trespass. The court assessed punishment at six months confinement, probated, and a $200 fine.

Appellant brings seven points of error complaining that: (1) there was insufficient evidence to sustain the conviction because there was no proof that appellant entered or remained in the building of "another" as required by statute; (2) there was insufficient evidence to support the conviction because the State failed to prove that Ollison was the only person with exclusive right and ownership of the property; (3) there was insufficient evidence to support the conviction because the State failed to prove that appellant was in a building without effective consent; (4) there was insufficient evidence to prove that appellant was in a building of Ollison's, either knowingly or intentionally; (5) the court erred in denying appellant's motion for directed verdict; (6) the court erred in admitting the expert testimony of Marie Lyles; and (7) appellant was not afforded reasonably effective assistance of counsel.

Appellant was charged by information with the offense of criminal trespass, by intentionally and knowingly entering and remaining in a building owned by Carolyn Ollison. Ms. Ollison (complainant herein) claims ownership of the premises at 8617 Clarkcrest by virtue of having received such through the will of her aunt, Jo An Sercy. Ollison's attorney testified that while living, Jo An Sercy was married to Willie Sercy and they purchased their home together in 1954. No children were born of the marriage of Willie and Jo An Sercy.

Prior to his marriage to Jo An Sercy, Willie Sercy was married to a woman now known as Thelma Morgan. Appellant was the child of Willie Sercy and Thelma Morgan. Willie Sercy died intestate in 1983. Willie Sercy's heirs were his surviving spouse, Jo An Sercy, and his daughter, appellant. Jo An Sercy died in November 1986, and devised her interest in and to the premises, by will, to Carolyn Ollison and Karla Frazier, and designated Ollison as executrix of her estate.

In April 1987, Ollison, as executrix, filed an Inventory and Appraisement regarding the assets of the estate that listed the entire premises as separate property of the deceased. In July 1987, she deeded the premises to herself by an Executrix Warranty Deed. By and under the authority of the Law Office of Lyles & Eichenberg, a notice was issued and placed on the premises, stating that appellant and all others attempting to enter the premises would be liable in criminal trespass since it was the legal property of Ollison.

Appellant had been attending to the premises almost every day since the death of her stepmother. On January 3, 1988, while appellant was on the property, the next door neighbor called the police, and the officers told appellant not to return to the house without further proof of ownership. On January 4, 1988, appellant returned to the property, and again, the police were summoned. Although appellant professed to be part owner of the premises, the District Attorney's Office initiated the prosecution of this cause upon the complaint of Ollison. Appellant filed an original petition in trespass to try title on the morning of trial.

Appellant's first four points of error complaint of insufficient evidence to support the conviction as required by statute. We sustain each of those points of error. The elements of criminal trespass are that: (1) a person, (2) without effective consent, (3) enters or remains on the property or in a building of *another,* (4) knowingly or intentionally or recklessly, (5) when he had notice that entry was forbidden or received notice to depart but failed to do so. *Johnson v. State,* 665 S.W.2d 554 (Tex.App.—Houston [1st Dist.] 1984, no pet.) (emphasis added). The Texas Penal Code, sec. 1.07 defines "another" as meaning "a person other than the actor." Thus, the State had the burden of proving that appellant entered and remained on property other than her own. The State has not proved that appellant entered or remained on the property of another, as that term is defined in the Texas Penal Code, because appellant's undivided interest in the property vested immediately upon the intestate death of her father, Willie Sercy, in 1983. Tex.Probate Code Ann. sec. 37 (Vernon Supp.1989). A finding of a "greater right to possession" is not sufficient to support a conviction under the criminal trespass statute, as the legislature chose "another" as the operative word, not "owner," as is used in the burglary and theft statutes. Tex.Penal Code Ann. sec. 1.07(4), (24); secs. 30.-02–.05; and sec. 31.03 (Vernon 1974).

The testimony of the State's expert witness, Marie Lyles, was essentially that Ollison owned or had a greater right of possession to the premises than did appellant, and that Ollison had a greater right to the property than anybody in the community. Lyles testified that Ollison's ownership and greater right of possession were derived from an executrix deed by which Ollison deeded the property to herself. On cross-examination, Lyles acknowledged that a deed can only grant what the grantor has a right to convey, i.e. that interest in the property to which the grantor held title. She further testified that, although she performed a thorough title search, she failed to locate either a prior marriage of Willie Sercy, or any children that may have issued from a prior marriage. Appellant's expert testified that, indeed, appellant had an ownership interest in the property that vested upon the death of her father. He further testified that the executrix's deed could not give Ollison total ownership, as the grantor could only convey the percentage of the property owned by decedent as a result of the prior, intestate death of Mr. Sercy.

The Texas Court of Criminal Appeals has rendered an opinion that we find dispositive in this case. In *Moore v. State,* 160 Tex. Cr.R. 183, 268 S.W.2d 187 (App.1954), the court considered a prosecution for cutting timber on land of another without consent of the owner. Appellant was charged with cutting timber from a tract of land to which ownership was disputed. Appellant claimed ownership of the land on which the timber was cut by virtue of his father and mother's acquisition of the entire 296 acres prior to their deaths. The State introduced into evidence a deed that conveyed the property to the complaining witness. The complaining witness was an attorney who made no effort to prove whether that title was good or to show from whom the grantor obtained his assertedly good title. After this prosecution had begun, the defendant filed a suit in federal court seeking to recover the title to the 246 acres, which suit was pending at the time of the trial. The court found that, as submitted to the jury, the defendant's guilt was made to depend upon a finding that he knowingly cut timber from land owned by the com-

plaining witness. The court further found that, by so doing, the trial court thereby determined as a matter of law, that the complaining witness owned the 246 acres conveyed by the deed. No cognizance was taken of the testimony showing that appellant had title to the 246 acres, nor was the trial court requested to do so. After reviewing all the evidence, the court held:

> In determining the sufficiency of the evidence to support the conviction, we are not permitted to ignore such testimony. The undisputed facts show that appellant for a long period of time had been asserting that he held superior title to and ownership of the land ... It is apparent there is a very decided conflict as to who is the actual owner of the land from which the timber was cut. * * *
>
> Criminal courts are not the forum for determination of disputed titles to real estate, and a criminal prosecution is not the medium for making such determination. * * *
>
> When the state offered in evidence the deed to Tod Adams, it established a prima facie case of ownership of the land in Tod Adams, under statute ... But the facts, which show that appellant had title to and was therefore the actual owner of the land, overcome that prima facie case and put the burden upon the state of showing that the land was owned by Tod Adams, as alleged. The state has not here met that burden.

*Moore v. State*, 268 S.W.2d at 189.

■ In this case, the State offered into evidence the executrix deed purporting to transfer title to the entire premises to the complaining witness. Appellant overcame this evidence by the uncontroverted testimony that she was the daughter of Willie Sercy, that the premises involved were bought by Willie and Jo An Sercy during their marriage, and that he died intestate prior to the death of his second wife. By this evidence, appellant overcame the prima facie case of the State and put the burden upon the State of showing that the land was owned by Ollison as alleged. The State has not met that burden. The State offered no evidence that Willie Sercy trans-

ferred his ownership interest to his residence on Clarkcrest to Jo Ann Sercy prior to his death. Nor was there any evidence that Willie and Jo An Sercy dissolved their marriage other than by the death of Willie Sercy in 1983. No proof was made or offered that a severance in the ownership rights in the property occurred prior to Willie Sercy's death. No proof was offered that an agreement regarding the right of survivorship existed between Willie and Jo An concerning the premises.

The applicable law to this case is found in the Texas Probate Code. Section 37 of the Probate Code provides that whenever a person dies intestate, all of his estate shall vest *immediately* in his heirs at law (Vernon Supp.1989). (emphasis added). Section 45 of the Texas Probate Code provides that when a person dies intestate, and there is a child of the deceased, then the surviving spouse shall be entitled to one-half of the community property, and the other half shall pass to such child or children, or their descendents (Vernon 1980). Section 235 of the Probate Code provides that if the estate holds or owns any property in common, or as part owner with another, the representative of the estate shall be entitled to possession thereof in common with the other part owner or owners in the same manner as other owners in common or joint owners would be entitled (Vernon 1980). It is well settled law that all tenants in common of a tract of land are entitled to possession. *Cook v. Spivey*, 174 S.W.2d 634 (Tex.Civ.App.—Amarillo 1943, no writ). The "criminal courts are not the forum for determination of disputed titles to real estate, and a criminal prosecution is not the medium for making such determination." *Moore v. State*, 268 S.W.2d at 189.

Appellant's first, second, third, and fourth points of error are sustained.

■ In her fifth point of error, appellant complains that the trial court erred in denying her motion for directed verdict. The record before us reflects that appellant elected to present evidence to the jury after the State rested its case; she cannot now challenge the court's ruling on the motion

for directed verdict. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App.1980).

Appellant's fifth point of error is overruled.

■ In her sixth point of error, appellant complains that the evidence of Marie Lyles, the complainant's attorney, amounted to a legal conclusion that invaded the province of the jury and that her testimony was predicated upon facts that were not admitted into evidence. Although attorney Lyles' testimony contained incorrect legal conclusions, appellant's trial counsel did not lodge any objections at the trial court level, and thus, nothing was preserved for appeal. *Miller v. State,* 741 S.W.2d 382, 391 (Tex.Crim.App.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 2835, 100 L.Ed.2d 935 (1988).

Appellant's sixth point of error is overruled.

In her seventh point of error, appellant maintains she was denied effective assistance of counsel resulting from the trial counsel's failure to object to those conclusions of law specifically delineated under point of error six. Further, trial counsel failed to offer into evidence documentation of her title to the premises as testified to by appellant's expert and by appellant herself.

■ The standard of review for effectiveness of counsel is gauged by the totality of the representation of the accused. *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex. Crim.App.1980). The constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. Rather, the right to effectiveness of counsel means counsel reasonably likely to render reasonably effective assistance of counsel. *Ex parte Cruz,* 739 S.W. 2d 53, 58 (Tex.Crim.App.1987). An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim.App.1984). Appellant complains about the testimony of attorney Lyles. This testimony was rife with incorrect applications and statements of probate law.

Yet, the determination of effectiveness of counsel turns on the particular circumstances of each case. *Mercado v. State,* 615 S.W.2d 225, 227 (Tex.Crim.App.1981). Counsel put on her own expert whose testimony directly contradicted Lyles on many points. Further, although counsel failed to admit into evidence documentation of the testimony concerning appellant's rights in the premises, uncontroverted testimony was before the jury on each of these points. In light of the record as a whole, we fail to find that trial counsel for appellant was ineffective.

Appellant's seventh point of error is overruled.

The judgment of the trial court is reversed, and an acquittal for the charge of criminal trespass is ordered. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed. 2d 15 (1978).