Affirmed and Opinion filed August 12, 2003









Affirmed and Opinion filed August 12, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00765-CR

____________

 

CNE SIMS CALHOUN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the County Criminal Court at Law No. 2

Harris County, Texas

Trial
Court Cause No. 1116922

 



 

O
P I N I O N

Appellant,
Cne Sims Calhoun, was charged by information with misdemeanor trespass of a
habitation.  Appellant was convicted by a
jury, and the trial court assessed her punishment at sixty-seven days=
confinement in the Harris County Jail. 
Appellant contends on appeal that: (1) the trial court erred in failing
to obtain a written waiver of her right to counsel, (2) the trial court erred
in denying her motion for a continuance, (3) the State used an improper
hypothetical illustration during its voir dire examination, and (4) the
evidence is legally and factually insufficient to support her conviction.  We affirm.








Appellant
and her husband were joint-debtors on a townhouse in Harris County.  Appellant=s husband, David Calhoun, filed for bankruptcy and the federal
bankruptcy court enforced a stay over the property.  Banco Popular, a lienholder on the property,
petitioned the bankruptcy court through its recovery agent, Eufracio Molina, to
have the stay lifted so it could proceed with foreclosure on the property.  With David Calhoun=s
consent, the bankruptcy court lifted the stay, and Banco Popular then began
foreclosure efforts.

Appellant
and her husband were given a thirty-day demand notice that all past-due
payments were required to be paid immediately. 
After failing to make any payments, appellant was sent notice that the
property was to be sold to the highest bidder on May 1, 2001, at the
courthouse.  Banco Popular was the
highest bidder and was given a substitute trustee=s deed that established it as the rightful owner of the
property.  The same day, the bank sent a
letter to appellant demanding that she vacate the property within ten
days.  Appellant refused and a forcible
entry and detainer suit was instituted against her on May 22, 2001.  Appellant failed to appear at the hearing and
the justice court entered a default judgment against her.  The justice court also held Banco Popular was
the rightful owner and issued a writ of possession accordingly.  The writ was filed with a local constable,
who presented it to appellant and evicted her, telling her never to return to
the property.  








Appellant
appealed this action to the county court and while the appeal was pending, she
moved back onto the property without the bank=s consent.  The county
court upheld the bank as the rightful owner and issued a second writ of
possession.  Appellant then appealed the
county court decision to this court. While that appeal was pending, the bank
discovered appellant had moved onto the property when a real estate agent
attempted to show the townhouse to a potential buyer but was unable to enter
because appellant was inside and had changed the locks.  No action was taken against appellant by the
Harris County District Attorney owing to the fact that an appeal was
pending.  We ultimately dismissed the
case as moot because appellant had failed to file a supersedeas bond, as is
required to stay the judgment, and the bank already had taken possession of the
property.[1]  After we affirmed the county court=s
judgment, the District Attorney issued a notice to appellant explaining that
she had no right to possession of the property and demanding that she vacate it
immediately.  A process server presented
appellant with this notice on April 17, 2002 , but on May 8, 2002, another real
estate agent was denied entrance to the townhouse because appellant was inside
and had again changed the locks.  The
next day, Molina confronted appellant, who again refused to leave because she
claimed she owned the property.  A Houston
police officer was summoned to the scene. 
Molina exhibited the necessary documents to the officer establishing the
bank as the rightful owner of the property. 
When appellant would not vacate the property, she was arrested for
criminal trespass.

Written
Waiver of Right to Counsel

In
her first point of error, appellant contends the trial court erred in failing
to obtain a written waiver of her right to counsel before proceeding to
trial.  Specifically, appellant contends
Articles 1.051 (f) & (g) of the Texas Code of Criminal Procedure require a
written waiver of right to counsel and that failure to obtain such a writing in
her case constitutes reversible error.  Tex. Code Crim. Proc. Ann. art.
1.051(f) & (g) (Vernon Supp. 2003).








A
defendant may voluntarily and intelligently waive, in writing, his or her right
to counsel, following written admonishments by the trial court.  Id. 
However, when the defendant affirmatively asserts her right to proceed
without counsel, the admonishments by the court need not be in writing.  Burgess v. State, 816 S.W.2d 424, 429B30
(Tex. Crim. App. 1991).  In
addition, when an accused affirmatively asserts her right to self‑representation
under Faretta v. California,[2]
a written waiver of the right to counsel is not required under the
statute.  Burgess, 816 S.W.2d at
429B430;
Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992)
(reaffirming that article 1.051(g) is not mandatory so long as the requirements
of Faretta have been met).

Appellant
argues that the trial court erred in failing to reduce her waiver to writing
according to articles 1.051 (f) & (g). 
However, the record indicates appellant clearly and unequivocally waived
her right to counsel and asserted her right to self-representation according to
the Faretta standard.  When
appellant initially appeared in court, on May 22, 2002, the trial judge
admonished her about the dangers of self-representation, gave her a copy of the
charge, and allowed her to consult a court-appointed lawyer.  When appellant returned to court, on June 10,
2002, the judge explained the range of punishment she could receive if
convicted of trespass to a habitation and gave her another copy of the
charge.  Appellant explained that she
understood the charge and the potential sentencing range.  She also told the judge she desired, and fully
intended, to represent herself.  








Moreover,
the trial judge ordered the State to give appellant copies of the police
report, copies of all criminal history records on appellant and the witnesses
that were to be called by the State, and to show appellant all other documents
the State intended to use at trial.  The
judge then asked a series of questions about appellant and her ability to
understand the law.  Specifically, the
court questioned appellant regarding her: (1) educational background; (2)
capacity to understand legal proceedings; (3) lack of legal education; (4)
experience in legal matters and representation in court; (5) understanding of
the law in her case; and (6) reasons for desiring to represent herself.  The trial judge continued by again
admonishing appellant about the sentencing range and explaining that she could
not later claim ineffective assistance of counsel if she chose to represent
herself.  He also warned that she would
be given no special consideration simply because she lacked formal legal
training and this lack of training might result in her failing to properly
raise or preserve error for appeal.  The
court echoed similar admonitions on three separate occasions and explained to
appellant the steps she was required to take in representing herself.  Appellant continued to insist on representing
herself and the court eventually deferred to her request.

Appellant
was properly questioned and admonished according to the standards set forth in Faretta.  Appellant continually asserted her right of
self-representation despite these warnings. 
Thus, appellant=s waiver of her right to counsel was clearly sufficient without
being written.  Appellant=s
first point of error is overruled.

Denial
of Motion for Continuance

In
her second point of error, appellant contends the trial court erred in denying
her motion for continuance. 
Specifically, appellant argues she announced Anot
ready@
for trial, but the trial judge declared her Aready@ and denied her request for additional time to prepare.








A
criminal action may be continued on the written motion of either party, upon a
showing of sufficient cause, if the cause is fully set forth in the
motion.  TEX. CODE OF CRIM. PROC. ANN. arts. 29.03, 29.08. 
The granting or denial of a continuance rests within the sound
discretion of the trial court.  Janecka
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); Hernandez v. State,
643 S.W.2d 397, 399 (Tex. Crim. App. 1982), cert. denied, 462 U.S. 1144
(1983).  Reversal is justified only if
the trial court abused its discretion.  Hernandez, 643 S.W.2d at 399.  Refusal to grant an oral motion for
continuance, whether made before or after the commencement of trial, is not
grounds for reversal. Stubbs v. State, 457 S.W.2d 563, 564 (Tex. Crim.
App. 1970); Finch v. State, 399 S.W.2d 544, 546 (Tex. Crim. App. 1966); Crenshaw
v. State, 389 S.W.2d 676, 677B78 (Tex. Crim. App. 1965). 
An unsworn, oral motion for continuance preserves nothing for review. See
TEX.
CODE
OF
CRIM.
PROC.
ANN. arts. 29.03, 29.08.; Dewberry v. State, 4 S.W.3d 735, 755B56
(Tex. Crim. App. 1999); Matamoros v. State, 901 S.W.2d 470, 478 (Tex.
Crim. App. 1995); Lewis v. State, 664 S.W.2d 345, 349 (Tex. Crim. App.
1984); Porter v. State, 623 S.W.2d 374, 381 (Tex. Crim. App. 1981), cert.
denied, 456 U.S. 965 (1982).

Appellant
initially requested a continuance when she appeared before the judge on June
13, 2002.  Her request was premised on
the need to secure documents from the federal bankruptcy court which she argued
were necessary to her case.  The trial
judge offered and appellant agreed that a continuance of thirty-three days
would be sufficient to allow her to obtain the documents and prepare her
defense.  When appellant next appeared in
court, on July15, she announced she was not ready because she had not received
the documents from the bankruptcy court. 
The trial judge refused to grant another delay, explaining that
appellant failed to request personal service on her subpoena, which precluded
the court from entering a writ of attachment. 
The court further explained to appellant that the files at issue were
not relevant to her criminal defense.[3]

Appellant
failed to comply with the provisions of Articles 29.03 and 29.08 regarding a
proper motion for continuance.  As such,
appellant waived any claim of error and preserved nothing for our review.  Appellant=s second point of error is overruled.

Voir
Dire

In
her third point of error, appellant alleges the trial court erred in allowing
an improper hypothetical illustration during voir dire.  Specifically, appellant argues the State
presented a hypothetical scenario that was specific to the facts of her case and
that in so doing, the State improperly committed prospective jurors to a
particular verdict.








The
right to be represented by counsel includes the right of counsel to question
members of the jury panel in order to intelligently exercise peremptory
challenges.  Ex parte McKay, 819
S.W.2d 478, 481 (Tex. Crim. App. 1990); Shipley v. State, 790 S.W.2d
604, 607B08
(Tex. Crim. App. 1990).  The conduct of
voir dire examination rests within the sound discretion of the trial court and
only an abuse of discretion will call for reversal on appeal.  Battie v. State, 551 S.W.2d 401, 404B05
(Tex. Crim. App. 1977); Hernandez v. State, 506 S.W.2d 884, 887 (Tex.
Crim. App. 1974).  A proper voir dire
question is one that seeks to discover a veniremember=s
views on an issue applicable to the case.  Howard v. State, 941 S.W.2d 102, 108 (Tex.
Crim. App. 1996); Guerra v. State, 771 S.W.2d 453, 468 (Tex.
Crim. App. 1988).  However, the
question cannot commit a potential juror to reach a verdict based on a
hypothetical set of facts.  Standefer
v. State, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001) (citing examples of
improper commitment questions); Atkins v. State, 951 S.W.2d 787, 789B90
(Tex. Crim. App. 1997).  A trial judge
must determine if the hypothetical is used to properly explain the law or to
improperly commit the venire to a specific result under the facts.  Atkins 951 S.W.2d at 790.  To find that the question was used for
anything other than to explain the law would be to find an abuse of discretion
and would constitute reversible error.  Id.  To preserve error for appeal, the defendant
must make a timely request, objection, or motion.  See TEX. R. APP. PROC. 33.1(a); Penry v. State, 903 S.W.2d 715, 741B43
(Tex. Crim. App. 1995) (holding that voir dire error is not preserved unless a
timely objection is made); see also Ransom v. State, 789 S.W.2d 572, 583
(Tex. Crim. App. 1989).

Here,
appellant failed to object to the hypothetical illustration posed by the State=s
attorney.  Because she raises the issue
for the first time on appeal, nothing has been preserved for our review.  Appellant=s third point of error is overruled.

Sufficiency of the Evidence

In her fourth and fifth points of error, appellant avers the
evidence is legally and factually insufficient because it fails to show she was
not the legal owner of the property.








When
reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found
the elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  If, after considering all the evidence, we
determine a rational trier of fact could have found the elements proven beyond
a reasonable doubt, the verdict must stand. 
See Kutzner v. State, 994 S.W.2d 180,184 (Tex. Crim. App. 1999). 

When
reviewing claims of factual insufficiency, it is our duty to examine the jury=s
weighing of the evidence.  Clewis v.
State, 922 S.W.2d 126, 133, 134 (Tex. Crim. App. 1996).  There are two ways in which evidence can be
factually insufficient: (1) the evidence is so weak as to be clearly wrong or
manifestly unjust, or (2) the finding of a vital fact is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong.  Zuliani v. State, 97 S.W.3d 589, 593 (Tex.
Crim. App. 2003).  Determining which
standard applies depends upon whether the complaining party had the burden of
proof at trial.  Id.  If the complaining party did not have the
burden of proof, then the Amanifestly unjust@ standard applies.  Id.  On the other hand, if the complaining party
had the burden of proof, then the Aagainst the great weight and preponderance@
standard applies.  Id.  Under the Texas Court of Criminal Appeals=
modified approach, if the defendant challenges the factual sufficiency of the
elements of the offense, even though the State had the burden of proof, we must
review the evidence using both standards. 
Id.  Thus, when reviewing
factual sufficiency challenges, we must determine Awhether
a neutral review of all of the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.@  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).








To
support a conviction for criminal trespass to a habitation, the State must
prove (1) the defendant, (2) without effective consent, (3) enters or remains
in the habitation of another, (4) knowingly or intentionally or recklessly, (5)
when she had notice that entry was forbidden or received notice to depart but
failed to do so.  TEX PEN. CODE ANN. ''
30.05(a)(2) and 30.05(d) (Vernon Supp. 2003); see also Moreno v.
State, 702 S.W.2d 636, 639B40 (Tex. Crim. App. 1986). 
While the ownership of the habitation is not an element of the offense,[4]
a bona fide dispute over ownership of property may bar a conviction of criminal
trespass.  See Ex parte Davis, 542
S.W.2d 192, 195-96 (Tex. Crim. App. 1976); Moore v. State, 268 S.W.2d
187, 189 (Tex. Crim. App. 1954); Allsup v. State, 62 S.W. 1062, (Tex.
Crim. App. 1901); Hann v. State, 771 S.W.2d 731, 733-34 (Tex. App.CDallas
1989).  If the State alleges ownership
and there is a dispute as to that ownership, the State has the burden of
proving the allegation.  Langston,
855 S.W.2d at 721.  In such a case, the State merely has to show
beyond a reasonable doubt that another had a greater right to possession than
the defendant.  Arnold v. State,
867 S.W.2d 378, 379 (Tex. Crim. App. 1993).   


Appellant=s
argument hinges on what she contends is a rightful claim of ownership, which
allegedly would preclude a conviction for criminal trespass.  Appellant contends she is still the true
owner of the property because the federal bankruptcy court placed a stay on
foreclosure of the property.  She claims
this stay invalidated any foreclosure and writ of possession proceedings and,
therefore, the bank never attained status as an owner or a party with a greater
right to possession.  Appellant concedes
that the bankruptcy court lifted the stay on foreclosure of the property, but
suggests that her approval was required to lift the stay even though the
bankruptcy action was instituted only by her husband and her husband agreed to
have the stay lifted.  Furthermore, she
argues the stay was lifted only as to her husband and not on her interest in
the property.








The
State, however, is only required to show beyond a reasonable doubt that another
had a greater right to possession than appellant, and to this end the State
offered substantial evidence.  As we
already have detailed above, numerous courts have examined the possessory
interest of appellant and uniformly have concluded that she must vacate the
property.  When viewed in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.   Moreover, when all the evidence is examined
in a neutral light, the proof of guilt is not so obviously weak as to undermine
confidence in the jury=s determination. 
Further, the proof of guilt was not so greatly outweighed by contrary
proof as to render the jury=s verdict clearly wrong and unjust.  Therefore, the evidence is both legally and
factually sufficient to support the conviction. 
Appellant=s fourth and fifth points of error are overruled.

The
judgment of the trial court is affirmed.

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

Judgment rendered and Opinion filed August
12, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).











[1]  Calhoun v.
Banco Popular North America, 2002 WL 246560 (Tex. App.CHouston [14th Dist.] 2002, n.w.h.). 





[2]  Faretta v.
California, 422 U.S. 806 (1975), established the mandatory inquiry every
court must utilize in determining whether a defendant has voluntarily and
intelligently waived her right to counsel. 
Faretta does not require any specific line of questions
concerning a defendant=s age, education, background or previous mental health
history in every instance.  See
Johnson v. State, 760 S.W.2d 277, 278B79 (Tex.
Crim. App. 1988).  There is no absolute
formula the court must use to establish such a desire; however, the trial court
must make all necessary inquiries of the defendant and all proper admonishments
concerning the dangers and disadvantages of pro se representation so that the
court may make an assessment of the voluntariness and knowing exercise of the
right to defend herself.  Id.





[3]  Even if
appellant had properly submitted a written motion for continuance, the trial
court would have similarly determined that another delay was unnecessary.  Denial of such a motion is subject to review for
abuse of discretion; and in this case, there is nothing in the record before us
to show the court abused its discretion. 
The sole reason appellant requested the delay was to obtain documents
from the bankruptcy court.  The judge
found these documents were irrelevant to appellant=s case, and therefore, even with a proper motion there
would have been no abuse of discretion in denying further delay.





[4]  See
Langston v. State, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993).